UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON KEITH JONES, | ) | CASE NO. 5:15cv1859 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| PROBATE COURT OF WAYNE COUNTY, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Jason Keith Jones filed this action under 18 U.S.C. §§ 241 and 242, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the United States Constitution against defendants Wayne County Probate Court, Wayne County Probate Court Judge Latecia E. Wiles, and Beverly Thiel. In the complaint, plaintiff alleges the defendants interfered with his custody of his three children, to whom he refers as his "Registered Property." (Doc. No. 1 ["Compl."] at 8-10.) He seeks monetary damages.

    **I.**    **BACKGROUND**

Plaintiff's complaint is largely incomprehensible and is composed of meaningless legal jargon. Plaintiff appears to be contesting an adoption action in the Wayne County Probate Court filed by the husband of the mother of his children. He claims to be the "sole registered owner of record and entitlement holder having a direct ownership equity and beneficial interest

in" his children's birth certificates and therefore an ownership interest in his children. (*See, e.g.*, Compl. at 8 (capitalization omitted).) He lists twenty-two "trespass[es]" to his ownership rights, all stemming from the litigation in the Wayne County Probate Court. He claims defendants injured him in the following ways: (1) caused harm to his "Registered Property" by forcing the Ohio Revised Code on him, (2) violated RICO, (3) tried to govern his "Registered Property" without their consent, (4) denied him corporate status, (5) forced him to have a hearing with a magistrate, (6) interfered with his right "to be let alone," (7) refused his written request to prove jurisdiction, (8) refused to recognize his removal of the action to federal court, (9) used administrative codes and statutes as laws, (10) compelled him to associate by refusing to recognize his choice of domicile, (11) counselled the mother of his children to obtain a protection order against him, (12) and forced him to file motions and then denied those motions.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. ' 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990) (citation omitted). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678 (citation omitted). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* (citations omitted). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)).

### III. ANALYSIS

As an initial matter, Judge Wiles is absolutely immune from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam) ("generally, a judge is immune from a suit for money damages") (collecting cases); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (same). Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although

judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1115-16 (quotation marks and citation omitted). A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *See generally Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Plaintiff does not allege any facts to suggest his claims against Judge Wiles arose from conduct in which she engaged outside of the court, or conduct outside of the jurisdiction of the Wayne County Probate Court. Judge Wiles is absolutely immune from suit in this case.

The Wayne County Probate Court is also immune from suit. "The State of Ohio is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution." *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997).[1]  The Sixth Circuit has held that Ohio Common Pleas Courts are not a segment of county government, but rather an arm of the state for purposes of Eleventh Amendment immunity analysis." *Id*. at 269. Therefore, because the Wayne County Probate Court is an arm of the state, it is immune from suit under the Eleventh Amendment.

This leaves plaintiff's claims against Beverly Thiel. Plaintiff does not allege any facts to suggest what role she played in the adoption action. He merely contends she interacted with his children. He indicates he is asserting claims under 18 U.S.C. §§ 241 and 242. These are

---

[1] The law is somewhat unsettled in this area in the wake of rulings from the United States Supreme Court emphasizing the need to consider whether the state would be legally liable for any judgment in a sovereign immunity analysis. *See Akire v. Irving*, 330 F.3d 802, 812 (6th Cir. 2003) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 430, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997); *Hess v. Port Auth. Trans-Hudson Corp*., 513 U.S. 30, 115 S. Ct. 394, 130 L. Ed. 2d 245 (1994)). Nonetheless, the Sixth Circuit has not overruled its prior decisions finding state courts in Ohio to be arms of the state for purposes of Eleventh Amendment immunity. *See Triplett v. Connor*, 109 F. App'x 94, 96 n.4 (6th Cir. 2004) (while acknowledging "some doubt about the continued validity of *Mumford's* reasoning," the court held that "[w]e have not, however, decided that *Mumford* was incorrect").

criminal statutes. They do not provide a private right of action to civil litigants. *See United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (citation omitted). Plaintiff cannot proceed with a claim under 18 U.S.C. § 241 or § 242.

Plaintiff also asserts a cause of action under RICO. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962[.]" In turn, 18 U.S.C. § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

In order to establish a RICO violation, the plaintiff must show that defendants engaged in "(1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (2985). A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in Section 1961(1). 18 U.S.C. § 1961(5). To state a claim for civil RICO conspiracy, the plaintiff must allege that he suffered an injury as a proximate result of an overt act in furtherance of the conspiracy that is itself an act of racketeering activity or otherwise unlawful under RICO. *See Elkins v. Chapman*, 36 F. App'x 543, 544 (6th Cir. 2002). Plaintiff's conclusory statement that the defendants formed a private union to conspire against him is not sufficient to state a claim under RICO.

5

Finally, to the extent plaintiff is attempting to assert Theil violated his constitutional rights, he failed to state a claim for relief. To bring an action against an individual defendant for violating his constitutional rights, plaintiff must proceed under one of the civil rights statutes that authorizes an award of damages. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a *prima facie* case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Generally, for an individual to have acted "under color of state law," the person must be a state or local government official or employee. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923, 937, 102 S. Ct. 2744, 73 L .Ed. 2d 482 (1982) (In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State.") Plaintiff does not allege facts to suggest that Thiel is a government actor, or that she took action that could be "fairly attributable" to the state. He also fails to allege enough facts to indicate what actions she personally took that he considers to have violated his constitutional rights. Thus, he fails to state a claim against her under 42 U.S.C. § 1983.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 19, 2016

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**